UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DR. JAMES WILSON, III, Administrator of the estate of Christina Nadine Wilson-Lone Elk, deceased,<br><br>       Plaintiff,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | Civ. 06-5036<br><br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff, Dr. James Wilson III, administrator of the estate of Christine Nadine Wilson-Lone Elk, sued the United States of America (the "Government") pursuant to the Federal Torts Claim Act, 28 U.S.C. § 2671, et seq., alleging that Wilson-Lone Elk suffered pain, suffering, and ultimately death stemming from her hospitalization at the Indian Health Services Hospital in Pine Ridge, South Dakota. Pending before the Court is a motion to dismiss [doc. #9] filed by the Government pursuant to Fed. R. Civ. P. 12(b)(1), or alternatively, 12(b)(6). The Government's motion is denied.

## BACKGROUND

Wilson-Lone Elk arrived at the Indian Health Service Hospital in Pine Ridge, South Dakota at or about 9:30 a.m. on June 21, 2001. Complaint [doc. #1] ¶7. Wilson-Lone Elk had been complaining of vomiting, chills, fever, and abdominal tenderness. Id. Wilson-Lone Elk was treated in an emergency room and was discharged at 11:40 a.m. Id. Wilson-Lone Elk was told to return if her symptoms worsened. Id.

Wilson-Lone Elk returned to the emergency room at 5:30 p.m. the same day.  Id. ¶ 9.  Wilson-Lone Elk was spitting blood, had severe anemia, and had coagulopathy.  Id.  At 9 p.m. arrangements were made to transfer Wilson-Lone Elk to Rapid City Regional Hospital, and she arrived at 11 p.m.  Id.  Wilson contends that a surgery was performed to stop her bleeding.  Id. ¶ 10.  Wilson-Lone Elk died at 7:22 a.m. on June 22, 2001.  Id.

Wilson alleges that Wilson-Lone Elk's pain and suffering were the proximate result of the acts and omissions of the Indian Health Service Hospital during her care and treatment.  Id.  ¶ 12.  Wilson further alleges that Wilson-Lone Elk's death was caused by the negligence of the Indian Health Service, an agency of the United States of America.  Id. ¶ 11.  Wilson claims that the negligence of the Indian Health Service included: failure to properly examine Wilson-Lone Elk when she initially entered the hospital on June 21, 2001; failure to perform or properly interpret diagnostic tests and procedures; failure to diagnose the cause of her anemia; failure to refer Wilson-Lone Elk to the Rapid City Regional Hospital after her initial hospital visit; and failure to provide Wilson-Lone Elk with competent medical care.  Id.  Wilson also claims that this negligence caused Wilson-Lone Elk's family a deprivation of her services, comfort, support, counsel, love, affection, and earning potential.  Id. ¶ 13.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) will be granted in cases where the court finds it lacks subject matter jurisdiction over plaintiff's claims.  The court may look at matters outside the pleadings on a motion to dismiss under Rule 12(b)(1).  Osborn v. United States, 918 F.2d 724, 728 n.4 (8th Cir. 1990).  Whether they involve questions of law or fact, jurisdictional issues are for the court to decide.  Id. at 729.  Unlike a Rule 12(b)(6) motion, "no presumptive truthfulness attaches to the plaintiff's allegations and the existence of disputed

material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. at 730.  The plaintiff has the burden of proof to show that the court has jurisdiction. Id.

A motion to dismiss for a failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to review only the pleadings to determine whether they state a claim upon which relief can be granted.  In considering a motion to dismiss, the court assumes that all facts alleged in the complaint are true, construes the complaint liberally in the light most favorable to the plaintiff, and grants dismissal only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).  "The issue is not whether a claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 191 (1984).

## DISCUSSION

**1.      Subject Matter Jurisdiction—12(b)(1)**

In its motion to dismiss, the Government urges the Court to consider facts from outside the pleadings to determine its jurisdiction, and notes that doing so does not convert the Rule 12(b)(1) motion into a motion for summary judgment.  The Government is correct that the Court may look to evidence outside the pleadings when it decides a motion pursuant to rule 12(b)(1), when the jurisdictional attack is a factual attack and not a facial attack. Osborn, 918 F.2d at 729 n.6.  While the evidence which the Government has presented may show that the actions of Dr. Mignon Walker, and Dr. Donald Okeakpu fall outside what is covered by the Federal Tort Claims Act, this

evidence does not go so far as to foreclose the possibility that the actions of some employee of the Government in relation to the allegations in Wilson' Complaint could vest this Court with jurisdiction.  In his claim, Wilson contends that not only the physicians, but the "medical staff, agents, employees and facilities" of the United States owed him a duty of care.  Plaintiff contends that Wilson-Lone Elk's injuries arose not only from the actions of the two doctors, but possibly from the negligence of any other employees of the Indian Health Service Hospital.  Indeed, Wilson does not specifically mention any of the four doctors or any other person in his Complaint.  While the evidence that the Government has offered may prove to be detrimental to plaintiff's claim at a later stage of litigation, it does not eliminate every possibility of negligence complicated by the vague Complaint.  Thus, having considered the evidence outside the pleadings that the Government has offered, the court concludes that Wilson has met his burden pursuant to Rule 12(b)(1) to show that this Court has jurisdiction and that dismissal pursuant to this rule is not proper.

2.     **Failure to State a Claim Upon Which Relief Can be Granted—12(b)(6)**

While the Government cites Rule 12(b)(6) in its motion to dismiss and its supporting memorandum, it does not elaborate at all as to why such a dismissal would be proper.  In fact, the only reference to Rule 12(b)(6) in the Government's memorandum is on page five, when it cites <u>Carney v. Houston</u>, 33 F.3d 893 (8th Cir. 1994) ostensibly to prove the existence of the rule and that it allows for dismissal when it appears a plaintiff can prove no set of facts which would entitle him to relief.  The Court, however, concludes that the Complaint does support <u>some</u> set of facts that could entitle Wilson to relief.

Again, in considering a motion to dismiss pursuant to Rule 12(b)(6), the Court assumes that all facts alleged in the Complaint are true and construes the Complaint liberally.  Also, the Court will dismiss only if "it appears beyond a doubt that the plaintiff can prove no set of facts which

would entitle the plaintiff to relief." Coleman, 40 F.3d at 258.  The issue is not whether Wilson will prevail but whether he is entitled to offer evidence to support his claim, regardless of whether it appears on the face of the pleadings that recovery is unlikely.  See Scheuer, 416 U.S. at 236.  It does not appear beyond a doubt that Wilson can prove no set of facts which could entitle him to relief.  For example, a policy or protocol of the Indian Health Service Hospital could possibly have resulted in Wilson-Lone Elk's injuries, regardless of the actions of a particular employee or contractor.  Such a policy or protocol could have been the cause of her alleged premature release from the hospital, or could have otherwise affected her care.  It is possible that the negligence of the Indian Health Service Hospital could have resulted in an injury to Wilson-Lone Elk that could entitle Wilson to relief.  Therefore, the Court concludes that dismissal pursuant to Rule 12(b)(6) is not proper.

**3.  Conversion to Summary Judgment**

Both parties have engaged in a confusing debate regarding the possibility that the Government's Rule 12(b)(6) motion should be converted into a motion for summary judgment and what the consequences of such a conversion would be.  The Government correctly argues in its memorandum that evidence from outside the pleadings does not convert a Rule 12(b)(1) motion into a motion for summary judgment. Wilson argues that when the court looks outside the pleadings, a motion to dismiss is converted into a motion for summary judgment.

A motion pursuant Rule 12(b)(6) is converted to a motion for summary judgment if evidence is present from outside the pleadings and if the Court does not exclude such evidence. Fed. R. Civ. P. 12(b).  Here, the evidence that is offered from outside the pleadings is, in the Court's best estimation, presented in conjunction with the Government's motion as it relates to Rule 12(b)(1), not to Rule 12(b)(6).  This evidence, concerning the doctors at the Indian Health

Services Hospital at Pine Ridge, although unclear to the Court, presumably is offered to show that the doctors are contractors and not subject to the Federal Tort Claims Act, which is argued as an attack upon jurisdiction and not upon the failure to state a claim for which relief can be granted. Thus, the Court concludes that evidence from outside the pleadings was not presented in relation to the Government's motion to dismiss pursuant to Rule 12(b)(6), assuming such a motion was made at all. As such, the provisions in Rule 12(b) regarding conversion to a motion for summary judgment are not triggered.

If, however, the Government is presenting evidence from outside the pleadings regarding a motion for failure to state a claim pursuant to Rule 12(b)(6), such a motion would only be converted to a motion for summary judgment if such evidence is not excluded by the Court. Fed. R. Civ. P. 12(b). Given the lack of clarity of the materials before the Court related to the instant motion, the Court will exclude such evidence from outside the pleadings insofar as it is offered on a motion pursuant to Rule 12(b)(6). Therefore, none of the Government's potential motions to dismiss are converted into motions for summary judgment. Accordingly, it is hereby

ORDERED that Government's motion to dismiss [doc. #9] is DENIED.

Dated this 27th day of February, 2007.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE